# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES, | CV F 04 5491 OWW LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING TEMPORARY RESTRAINING ORDER (Doc. 10.) |
| GADSEN, BEEBE, et. al., | |
| Defendants. / | |

Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on March 26, 2004. On August 31, 2004, Plaintiff file da "Petition for Temporary Restraining Order." Plaintiff seeks a restraining order to prevent cruel and unusual punishment. Plaintiff lists several incidents covering the course of a year and ranging from allegations that his food is being drugged to limited law library access. Plaintiff requests a restraining order to prevent employees from retaliating or disciplining Plaintiff for his law suit.

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple

1

1  Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also
2  Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent
3  two points on a sliding scale with the focal point being the degree of irreparable injury shown.
4  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must
5  demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a
6  significant showing of irreparability, the court need not reach the issue of likelihood of success
7  on the merits.  Id.

8  　　　In this case, Plaintiff's request for injunctive relief to prevent any possible retaliation for
9  his filing of this lawsuit is purely speculative.  Speculative injury does not constitute irreparable
10 harm.  Goldies' Bookstore, Inc. v. Superior Court of the State of California, 739 F.2d 466, 472
11 (9th Cir. 1984).   In addition, the Court is unable to issue any order against individuals who are
12 not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.
13 100 (1969).  In a separate order being issued concurrently with these Findings and
14 Recommendations, the Court is dismissing Plaintiff's Amended Complaint, with leave to amend,
15 for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  Plaintiff is not
16 entitled to preliminary injunctive relief until such time as the Court finds that his complaint
17 contains cognizable claims for relief against the named defendants and the named defendants
18 have been served with the summons and complaint.  As the Court has determined that the
19 Complaint does not yet state a cognizable claim for relief, service of the Complaint has not been
20 effected and no Defendants yet appear in the action.

21 　　　Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for
22 a Temporary Restraining Order be DENIED.

23 　　　The Court HEREBY ORDERS that these Findings and Recommendations be submitted
24 to the United States District Court Judge assigned to this action pursuant to the provisions of 28
25 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
26 District Court, Eastern District of California.  Within THIRTY (30) days after being served with
27 a copy of these Findings and Recommendations, any party may file written Objections with the
28 Court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  June 22, 2005**               /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE