# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>            Plaintiff,<br><br>     v.<br><br>GADSEN, BEEBE, et. al.,<br><br>            Defendants. | CV F  04 5491 OWW LJO P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc.  10.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on March 26, 2004.  On April 29, 2005, Plaintiff filed a Second Amended Complaint.

**A.  Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. Allegations in the Complaint**

The allegations in Plaintiff's Amended Complaint (erroneously captioned as a Second Amended Complaint) filed on April 29, 2005, are wholly unclear.  The first page of the complaint sets forth the venue and jurisdiction and then launches into forty-seven (47) pages of what appears to be a court transcript of criminal proceedings.  Nowhere in the Complaint does Plaintiff list the names of the Defendants, the claims for relief or the acts or omissions giving rise to the claim for relief.

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, because Plaintiff has merely recited sections of a court transcript, he has failed to link any of the named individuals to any act or omission giving rise to a claim for relief.

*2. Rule 8(a)*

The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512.

In this case, the Amended Complaint consists of 49 pages of recitation of a court transcript. As noted above, nowhere does Plaintiff list the defendants, the claims, or link any individual to an act or omission giving rise to the claims for relief. Thus, Plaintiff has failed to provide the defendants, to the extent there are any, with notice of the claims and facts supporting his claims. It is not the duty of the Court to read numerous pages of text taken from a Court transcript and try to guess at who the defendants might be and what the claims might be. Such a responsibility lies with the Plaintiff making the allegations and pursuing a legal action. Accordingly, the Court has no alternative but to dismiss the Complaint with leave to amend.

**C. Conclusion**

Having found that the Amended Complaint states no claims for relief against any of the

named defendants, the Court HEREBY ORDERS:

1. The Amended Complaint is DISMISSED with leave to amend for failure to state any claims on which relief can be granted;

2. The Clerk of Court is DIRECTED to send Plaintiff a blank civil rights complaint form; and

3. Within THIRTY (30) days of the date of service of this Order, Plaintiff SHALL file an AMENDED COMPLAINT or indicate in writing whether he wishes to voluntarily dismiss the action.  Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original Complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff's failure to file an Second Amended Complaint in compliance with this order will result in a Recommendation that the action be dismissed, without prejudice, for failure to state a claim on which relief can be granted.

IT IS SO ORDERED.

**Dated:   June 22, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE

4