# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES, | CV F  04 5491 OWW LJO P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR PRELIMINARY INJUNCTIVE RELIEF  (Doc. 24.) |
| v. | |
| GADSEN, BEEBE, et. al., | |
| Defendants. | |

Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 23, 2005, this Court issued an Order dismissing the Complaint with leave to amend. Plaintiff filed a Second Amended Complaint on July 20, 2005. On August 23, 2005, Plaintiff filed a pleading titled Motion for Court Order Copy of Claim and Mail Censorship. In this document, Plaintiff complains that law library staff have threatened to censor "his claim." In addition, Plaintiff complains that the Court informed him that he did not list the names of the Defendants but he did. Plaintiff asks the Court to issue an Injunction preventing Defendants from censoring or interfering with his civil rights.

A. Court Order regarding Listing Defendants.

The Court's Order dismissing with leave to amend indicated that Plaintiff did not *link* any of the named defendants to any act or omission giving rise to a constitutional violation. As stated in the Order, it is not enough to list the individuals who allegedly violated Plaintiffs rights in the caption, he must state which defendant did what to him that amounted to a violation of his rights.

Although Plaintiff complained and stated how his rights were violated, he did not state who was the person that violated them and how. The Court is left to guess which defendant named in the caption goes with which act. As such, the Complaint did not state a claim for relief. Plaintiff is urged to re-read the Court's order with regard to the linkage requirement in order to cure the defect.

**B. Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). The issuance of the orders sought by plaintiff in his motions would not remedy any of the claims alleged in this action. Moreover, as the Court has yet to screen the complaint to determine whether it states a claim for relief, there is no case or controversy yet before it. Accordingly, the court lacks jurisdiction to issue such orders.

With respect to plaintiff's vague, generalized allegations of retaliation and harassment, it is not the purpose of a preliminary injunction to prevent such speculative behavior. Accordingly, this form of injunctive relief is not available. City of Los Angeles v. Lyons, 461 U.S. 95 (1983).

1        Based on the foregoing, the court HEREBY RECOMMENDS that the Motion for
2 Injunctive Relief filed on August 23, 2005, be DENIED.
3        The Court HEREBY ORDERS that these Findings and Recommendations will be
4 submitted to the United States District Judge assigned to the case, pursuant to the provisions of
5 Title 28 U.S.C. § 636(b)(l).  Within **THIRTY (30) DAYS** after being served with these Findings
6 and Recommendations, plaintiff may file written objections with the court.  The document
7 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
8 Plaintiff is advised that failure to file objections within the specified time may waive the right to
9 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
10 IT IS SO ORDERED.
11 **Dated:   November 7, 2005**            /s/ Lawrence J. O'Neill
   b9ed48                                  UNITED STATES MAGISTRATE JUDGE