# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES, | CV F   04 5491 OWW LJO P |
| Plaintiff, | ORDER CONSTRUING THE MOTION FOR COURT ORDER FILED OCTOBER 17, 2005, AS MOTION FOR PRELIMINARY INJUNCTIVE RELIEF (Doc. 26.) |
| v. | |
| GADSEN, BEEBE, et. al., | FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR PRELIMINARY INJUNCTIVE RELIEF  (Doc. 24, 26) |
| Defendants. | |

Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 23, 2005, this Court issued an Order dismissing the Complaint with leave to amend. Plaintiff filed a Second Amended Complaint on July 20, 2005. On August 23, 2005, Plaintiff filed a pleading titled Motion for Court Order Copy of Claim and Mail Censorship. In this document, Plaintiff complains that law library staff have threatened to censor "his claim." In addition, Plaintiff complains that the Court informed him that he did not list the names of the Defendants but he did. Plaintiff asks the Court to issue an Injunction preventing Defendants from censoring or interfering with his civil rights.

On October 17, 2005, Plaintiff filed a pleading titled "Motion for Court Ordered Copy of

1

Motion for Discovery being sent on October 9, 2005 and Court Order for return of stolen copies." It appears that Plaintiff created a Motion which was given to the library staff for some reason and not returned to Plaintiff. Plaintiff alleges that the copies were stolen in retaliation. Thus, Plaintiff requests that the Court grant him an "Order copy of my motion for Discovery and a Order to return my stolen copies." The Court construes Plaintiff's request for the return of his legal property to be a request for preliminary injunctive relief.

**A. Court Order regarding Listing Defendants.**

Plaintiff states that the Court's order informing him he did not list any of the Defendants is incorrect because he did list them.

The Court's Order dismissing with leave to amend indicated that Plaintiff did not *link* any of the named defendants to any act or omission giving rise to a constitutional violation. As stated in the Order, it is not enough to list or name the individuals who allegedly violated Plaintiffs rights in the caption; Plaintiff must state with some specificity the actions or inactions that a particular Defendant took that amounted to a violation of Plaintiff's constitutional rights. Although Plaintiff complained and stated how his rights were violated, he did not say who the person was that violated and what that person did or did not do. In such a case, the Court is left to guess which defendant named in the caption goes with the act that allegedly violated Plaintiffs constitutional rights. Thus, the Complaint did not state a claim for relief. Plaintiff is urged to re-read the Court's order with regard to the linkage requirement in order to cure the defect.

**B. Requests for Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an

injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). The issuance of the orders sought by plaintiff in his motions would not remedy any of the claims alleged in this action. Moreover, as the Court has yet to screen the complaint to determine whether it states a claim for relief, there is no case or controversy yet before it. Accordingly, the court lacks jurisdiction to issue such orders.

With respect to Plaintiff's request that the Court issue an Order directing staff to return his allegedly stolen copies, the Court is again without jurisdiction. As noted in the Court's Order dismissing with leave to amend, Plaintiff's Amended Complaint is merely a recitation of a court transcript. The Court could not determine the nature of Plaintiff's claims from relief from the Amended Complaint and that is why the Court issued an Order dismissing with leave to amend. In light of the Court's most recent Order, outstanding order, the Court cannot state that the At this juncture in the case, the Court cannot determine if the Amended Complaint contains a cause of action for similar permanent injunctive relief and/or claims relating to the same or similar issues. As such, the Court cannot determine the likelihood of success on the merits or whether there are serious questions going to the merits of Plaintiff's claims.

With respect to Plaintiff's vague, generalized allegations of retaliation and harassment, it is not the purpose of a preliminary injunction to prevent such speculative behavior. Accordingly, this form of injunctive relief is not available. City of Los Angeles v. Lyons, 461 U.S. 95 (1983).

Based on the foregoing, the Court CONSTRUES the Motion filed on October 17, 2005 as a Motion for Preliminary Injunctive Relief and further RECOMMENDS that the Motions for Injunctive Relief filed on August 23, 2005, and October 17, 2005, be DENIED.

The Court HEREBY ORDERS that these Findings and Recommendations will be

submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **THIRTY (30) DAYS** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 7, 2005**                    /s/ Lawrence J. O'Neill
b9ed48                                            UNITED STATES MAGISTRATE JUDGE