# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL GONZALES, | | CV F   04 5491 OWW LJO P |
| | Plaintiff, | |
| v. | | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION |
| GADSEN, BEEBE, et. al., | | |
| | Defendants. | |

Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on March 26, 2004.  On April 29, 2005, Plaintiff filed a Second Amended Complaint.  The Court dismissed that Complaint giving Plaintiff leave to file a Third Amended Complaint.  On July 20, 2005, Plaintiff filed a Third Amended Complaint only it was again captioned as the "Second Amended Complaint."

**A. Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. Allegations in the Complaint**

The allegations in Plaintiff's Third Amended Complaint (again erroneously captioned as a Second Amended Complaint) filed on July 20, 2005, are a bit more clear that those previously filed. Here, Plaintiff alleges that the named Defendants committed perjury in their trial testimony against Plaintiff when he was on trial for charges under the California Penal Code for gassing. Plaintiff states that the Defendants failure to tell the truth under oath violated his constitutional rights. Plaintiff is seeking monetary damages.

**C. Discussion**

Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (*citing* Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected).

In this case, Plaintiff's allegations concert the actions of Defendants in relation to a criminal proceeding wherein Plaintiff alleges the Defendants committed perjury in violation of his Constitutional rights. Plaintiff's allegations necessarily implicate the validity of his

conviction or sentence.  As such, Plaintiff's claims are barred until such time as Plaintiff invalidates the result of that criminal conviction.

**D. Conclusion and Recommendation**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under Section 1983.  Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 29, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                       UNITED STATES MAGISTRATE JUDGE